UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AH4R-CA, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>JOSEFINA LAMPA DE LEON, et al.,<br><br>    Defendants. | Case No.  13-cv-01667-WHO<br><br>**ORDER GRANTING MOTION TO REMAND**<br><br>Re:  Dkt. No. 13 |

**INTRODUCTION**

Plaintiff AH4R-CA, LLC, moves to remand this unlawful detainer case against defendants Josefina Lampa De Leon and Arturo De Leon to state court.  The Court has thoroughly reviewed the parties' briefs.  Because the Court lacks subject matter jurisdiction to hear this case, the Motion to Remand is GRANTED.

**FACTUAL BACKGROUND**

AH4R-CA alleges the following in its Complaint:  On or about November 27, 2012, AH4R-CA, at a foreclosure sale, bought real property located at 11 Dowitcher Court, Oakley, California.  Compl. ¶¶ 1(b), 5.  Title under the sale was "duly perfected" and the foreclosure complied with California Civil Code Section 2924 *et seq.*  Compl. ¶ 5.  Since the sale until the present, the defendants have been occupying the property without AH4R-CA's permission. Compl. ¶ 7.  Whatever title the defendants had to the property was extinguished by the foreclosure sale.  Compl. ¶ 7.

On March 14, 2013, AH4R-CA served written notice to the defendants demanding that they vacate and deliver possession of the premises to AH4R-CA within three days as required by California Code of Civil Procedure Section 1161.  Compl. ¶ 12.  However, the defendants did not

United States District Court<br>Northern District of California

do so and continue to occupy the property.  Compl. ¶¶ 9, 10.

<b>PROCEDURAL BACKGROUND</b>

On March 21, 2013, AH4R-CA filed this unlawful detainer case in the Superior Court of California, County of Contra Costa.  Dkt. No. 4 at 23.  On April 12, 2013, the defendants removed the case to this Court.  Dkt. No. 1.  On May 21, 2013, AH4R-CA moved to remand the case to state court.  Dkt. No. 13.  On August 9, 2013, the defendants filed their opposition brief.[1]  Dkt. No. 24.

<b>LEGAL STANDARD</b>

A civil action filed in state court may be removed to federal court by a defendant if the federal court would have had jurisdiction over the case.  28 U.S.C. § 1441(a).  Generally, federal courts have jurisdiction over cases that (1) raise federal questions or (2) involve diverse parties and have an amount in controversy over $75,000.  28 U.S.C. §§ 1331, 1332.  However, an action removable solely on the basis of diversity jurisdiction may not be removed if any of the defendants is a citizen of the state in which such action is brought.  28 U.S.C. § 1441(b).  At any time before final judgment, a federal court must remand a removed case to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).

<b>DISCUSSION</b>

**I.      THE COURT LACKS FEDERAL QUESTION JURISDICTION.**

The Court lacks subject matter jurisdiction on the basis of federal question jurisdiction because no federal question is raised in the complaint.  "[F]ederal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).  "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).  Conversely, "it is now settled law that a

---

[1] On the same day, the defendants filed a cross-complaint against AH4R-CA and Deutsche Bank, NTC, as trustee for J.P. Morgan Mortgage Acquisition Trust 2007-CH2, Asset Backed Pass-Through Certificates, Series 2007-CH2.  Dkt. No. 22.  AH4R-CA filed a motion to strike the cross-complaint, Dkt. No. 31, and Deutsche Bank filed a motion to dismiss the cross-complaint, Dkt. No. 33.

United States District Court
Northern District of California

1    case may not be removed to federal court on the basis of a federal defense." *Id.*

2          California federal courts have repeatedly held that unlawful detainer cases brought under

3    California Civil Code Section 1161 do not raise federal questions. *See, e.g.*, *Bank of Am., N.A. v.*

4    *Arriola*, No. 12-cv-1652-JCS, 2012 WL 1996954, at *2 (N.D. Cal. June 4, 2012). AH4R-CA's

5    complaint is one for unlawful detainer under California law. Although the defendants' Notice of

6    Removal and opposition brief make vague references to federal questions based on claims or

7    defenses they may raise, that is insufficient to provide jurisdiction, which must be assessed on the

8    face of the Complaint and the claims made by the plaintiff. For the same reason, the defendants'

9    cross-complaint, which purports to raise claims under federal law, cannot confer federal question

10   jurisdiction on the Court. *See Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 821-22 (9th Cir.

11   1985).

12   **II.        THE COURT LACKS DIVERSITY JURISDICTION.**

13          The Court also lacks subject matter jurisdiction on the basis of diversity jurisdiction. A

14   federal court may not exercise diversity jurisdiction if "any of the parties in interest properly

15   joined and served as defendants is a citizen in the State in which such action is brought." 28

16   U.S.C. § 1441(b)(2). At least one of the defendants claims that he or she is a citizen of California.

17   Notice of Removal ¶ 5, Dkt. No. 1 ("At this time the Defendant is a citizen of California."). Based

18   on that admission, the Court cannot exercise jurisdiction over this case.

19                              **CONCLUSION**

20          Because there is no basis for the Court to exercise subject matter jurisdiction over the case,

21   the Motion to Remand is GRANTED and the case shall be returned to the Superior Court of

22   California, County of Contra Costa.

23          **IT IS SO ORDERED.**

24   Dated: September 12, 2013

25                              _____

26                              WILLIAM H. ORRICK
                                United States District Judge

27

28